UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

CLARENCE NEAL,

      Plaintiff,

v.

STATE OF NEW JERSEY, et al.,

      Defendants.

Civil Action No. 17-2962 (MAS) (TJB)

**MEMORANDUM OPINION**

Plaintiff is proceeding, *in forma pauperis*, with a civil rights complaint filed pursuant to 42 U.S.C. § 1983. At this time, the Court must review the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from suit.

The Court has carefully reviewed the Complaint, and Plaintiff's claims primarily arise out of various arrests and judgments imposed upon him over the years by New Jersey state courts for probation violations under the Community Supervision for Life ("CSL") sentence he received in conjunction with a sexual assault conviction in 2000. (Compl. 8, ECF No. 1.) Plaintiff appears to assert that the arrests and judgments were illegal and violated his constitutional rights because the CSL sentence should not have been imposed in the first instance and was added in amended judgments of conviction in state court years after his original conviction. (*Id.*) Plaintiff seeks both injunctive and monetary relief, specifically: (1) to have this Court invalidate his CSL sentence; and (2) $40 million in damages. (*Id.* at 7.)

To the extent that Plaintiff seeks to have his CSL sentence invalidated, he cannot do so in a § 1983 action. "[W]hen a state prisoner is challenging the very fact or duration of his . . . imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). If Plaintiff seeks federal remedies to invalidate his CSL sentence, Plaintiff must file a federal habeas action, and adhere to all of the requirements for such an action.[1] Plaintiff's claim to have his CSL sentence invalidated in this § 1983 action, therefore, is dismissed without prejudice.

To the extent that Plaintiff seeks monetary damages, those claims are barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). The Supreme Court has explained that:

> in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.

*Id.* at 486-87. In *Wilkinson v. Dotson*, the Supreme Court further clarified its *Heck* holding, finding that "a state prisoner's § 1983 action is barred (absent prior invalidation)—no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)—if success in that action would necessarily demonstrate the invalidity of confinement or its duration." 544 U.S. 74, 81-82 (2005).

---

[1] At the current juncture, Plaintiff is highly likely to be time-barred from asserting a federal habeas claim with respect to a CSL sentence that was imposed more than a decade ago.

2

Here, Plaintiff's claims are entirely premised upon the allegation that his CSL sentence was imposed erroneously. In order for the Court to grant monetary relief, the Court would have to agree with Plaintiff and find that his CSL sentence was invalid. As *Heck* and *Wilkinson* hold, however, such relief is barred unless and until Plaintiff can conclusively demonstrate that the CSL sentence has been invalidated by the state court or expunged by executive order. That has clearly not occurred because Plaintiff seeks to have his CSL sentence invalidated in the present action. Accordingly, the Court finds that the Complaint fails to state a claim upon which relief may be granted with regard to the damages claims, which are dismissed without prejudice. Having dismissed all claims in the Complaint, the Complaint is also dismissed.

/s/ Michael A. Shipp
MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE

Date: 1/22/18